### GRACE v. FASSOTT.

(Supreme Court, Appellate Division, First Department. January 10, 1902.)

1. DEATH FROM WRONGFUL ACT—CAUSE OF DEATH.

> Four months after receiving an injury caused by falling downstairs a woman died of placentia previa. The attending physician testified there was a possibility that the fall produced the condition resulting in death, but refused to testify positively that it would. He had found no evidence of hemorrhages, which would naturally have been present had the fall produced this condition. Another physician, on hypothetical case stated, testified the fall could have produced the condition, and he thought it did. Held, in an action for causing the death, that the evidence connecting the death with the injury was insufficient to go to the jury.

2. DISMISSAL ON THE MERITS.

> Dismissal of complaint at close of plaintiff's testimony for insufficiency of evidence to show a cause of action should not be upon the merits.

Appeal from trial term, New York county.

Action by Edward Grace, as administrator, etc., of Sarah Grace, deceased, against Margaretha Fassott. From a judgment dismissing plaintiff's complaint on the merits at the close of plaintiff's testimony, plaintiff appeals. Modified.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Max Gross, for appellant.
Sumner B. Stiles, for respondent.

PER CURIAM. The action was brought to recover damages for negligently causing the death of the plaintiff's intestate. It is disclosed by the record that the deceased received an injury by falling downstairs, caused by catching her foot in a defective oilcloth at the head of the stairs, in a tenement house kept and maintained by the defendant, which injury it is claimed was the cause of her death. The injury was received on the 9th day of July, 1900, and her death occurred on the 4th day of November following. There was evidence which would have authorized a finding by the jury that the defendant was guilty of negligence, and that the deceased was free from negligence contributing to the accident. The only point in the case was as to whether the injuries received were the cause of death. The woman died of placentia previa, and it was claimed by the defendant and held by the court in dismissing the complaint that the condition which produced death was not connected with the injury. The physician who attended the deceased shortly after the accident found no evidence of any hemorrhages, which would have naturally been found present if the accident had produced the condition which resulted in her death. This physician, when asked a hypothetical ques-

tion based upon the testimony which the case disclosed, as to the reception of the injury and the subsequent conditions, testified that there was a possibility that the fall produced the condition resulting in death, but he could not state that it did with certainty, and refused to testify that it would. Dr. Stein was called as an expert witness for the plaintiff. He had never attended the deceased, and so far as appears had never seen her. He testified, in answer to the hypothetical question, that he thought the fall produced the condition from which the intestate, died, and, being further questioned upon this subject, said, "The fall could produce it." This is the strongest testimony tending to show the connection between the injury and the cause of death. It is evident that it was not sufficient to authorize the jury to find that the fall produced the condition resulting in death. The fact that the fall could produce it, or that there was a possibility that it might be so produced, is insufficient. The law requires that the connection between the injury and the cause producing death must be established with reasonable certainty. A possibility that it might be so produced, or that the fall could produce it, is insufficient. Both statements were conjectural and speculative, and neither statement shows with reasonable certainty that the death was the result of the accident. The complaint was therefore properly dismissed.

The judgment, however, dismissed the complaint upon the merits. This was erroneous. There had been no trial upon the merits. The decision was that the evidence offered was not sufficient to show a cause of action. It may be that the plaintiff can procure evidence showing that the injury produced the condition causing death. He has not shown it in this action, which is all that the court determined, or could determine, at the time the motion to dismiss was made.

It follows that the judgment should be modified by striking out that the dismissal was upon the merits, and as so modified the judgment should be affirmed, without costs of this appeal to either party.